RUCKER (UNITED STATES v.). See Case No. 16,203.

___

## Case No. 12,107.

RUCKMAN v. The FIVE BOYS.

[New York Times, March 12, 1863.]

District Court, S. D. New York. 1863.

COLLISION—VESSEL AT ANCHOR—LOOKOUT—LIGHTS —APPORTIONMENT OF DAMAGES.

This was a libel filed [by Elisha Ruckman] to recover damages occasioned to the schooner Ney by a collision with the Five Boys in Hampton Roads, on the night of May 17, 1857. The libelant and one Henry W. Ward owned the Ney at the time, and, before the suit was commenced, Ward assigned his interest in the claim to the libelant. The Five Boys lay at anchor in Hampton Roads. The libelant alleges that she lay there without a light, which was denied. The Ney, coming into anchor, ran foul of her; another vessel, the Caroline Cole, came in shortly before, and anchored near, seeing the Five Boys there, and avoided her. The owners of the Five Boys claimed that the libelant was not entitled to recover, because, as they alleged, the Ney had no lookout; she was going at too great speed; the libel was too vague and general; and the cause of action was not one that could be assigned.

Beebe, Dean & Donohue, for libelant.
Benedict, Burr & Benedict, for claimant.

HELD BY THE COURT (SHIPMAN, District Judge). That such assignments in cases of collision appear to have been recognized in this court as valid. Several cases have been cited where this has been done, and the court accordingly conforms its decision in this

case to the previous cases, and holds that the libel is properly filed in the name of Ruckman. Christopher v. The Transit [unreported.] That, although the libel is open to criticism, yet it is not fatally defective. The objection that it does not state in what way the Ney endeavored to avoid the collision is hardly tenable, as the only way she could attempt to do so, in the situation she was in when the Five Boys was discovered, was by putting her helm hard up. The place is stated to be in Hampton Roads, but there is nothing in the case which requires the exact locality to be particularly stated. The ground on which the libelant seeks to recover, viz. that the Five Boys lay in the track of vessels, without a light, was stated, and, although in a different case the scantiness of the description in the libel might be fatal, it is sufficiently explicit to sustain this suit. That, on the evidence, the Ney had a lookout, and would have discovered the Five Boys if she had had a light up. That the Five Boys had no light visible, and no one on deck, the crew having all gone below. That, if a vessel will anchor in a much-frequented spot like this, where it is morally certain that other vessels will be seeking the same shelter, she should have some one on watch to keep her light burning. That the Five Boys is therefore in fault, and liable in this action. That the Ney should have shortened sail and slackened her speed in entering an anchorage ground like this. If she had done so, while she might not have avoided the collision, the extent of the damage caused by it would naturally have been diminished. She was therefore in fault in a particular, the natural tendency of which was to enhance the damages suffered by her. That the case is therefore a proper one for apportioning the damages, a moiety of which must be borne by each vessel. Decree accordingly, with an order of reference.